IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


JENNIFER L. VINCELLI,

             Plaintiff,

     v.

STEWARDSHIP PROPERTIES,
LLC,

             Defendant.

Civ. No. 6:25-cv-00313-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a Motion for Temporary Restraining Order, ECF No. 4. This motion is suitable for resolution without oral argument. Local Rule 7-1(d)(1). For the reasons set forth below, the motion is DENIED.

Plaintiff seeks a TRO enjoining a pending residential eviction. "In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *Pacific Kidney & Hypertension LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016). A preliminary injunction is an "extraordinary

remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing on one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

The Court has reviewed the filings in this case and concludes that Plaintiff has not carried her burden and has failed to make the showing necessary to support the extraordinary and drastic remedy of a TRO. Of particular note, Plaintiff has not filed a complaint, but a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 2. Defendant in this action is Plaintiff's landlord or the property management company working for Plaintiff's landlord. Plaintiff is not a prisoner, nor

does she allege that she was ever a prisoner.  In the Court's Order on Plaintiff's IFP

Petition, issued concurrently, the Court dismissed the Petition because Plaintiff has

not alleged that she was ever a prisoner and so is not entitled to seek habeas relief.

## CONCLUSION

Plaintiff's Motion for Temporary Restraining Order, ECF No. 4, is DENIED.

It is so ORDERED and DATED this ____27th____ day of February 2025.


 /s/Ann Aiken
ANN AIKEN
United States District Judge