IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JENNIFER L. VINCELLI, | Civ. No. 6:25-cv-00313-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| STEWARDSHIP PROPERTIES, LLC, | |
| Defendant. | |

AIKEN, District Judge.

      Self-represented Plaintiff Jennifer L. Vincelli seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 1, is GRANTED but the Petition for Writ of Habeas Corpus, ECF No. 2, is DISMISSED with leave to amend but without service on Defendant. Plaintiff's Motion for Preliminary Injunction, ECF No. 3, is DENIED with leave to refile once Plaintiff has submitted a complaint. Plaintiff is also ORDERED to provide the Clerk of Court with a mailing address.

## LEGAL STANDARD

      Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for

meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, the Court is satisfied with Plaintiff's showing of indigency and the petition will be GRANTED.

However, Plaintiff has not filed a civil complaint but has instead filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Habeas petitions are meant to be used by prisoners challenging their confinement. Plaintiff does not allege that she is, or ever was, a prisoner. Rather, Plaintiff appears to be challenging an ongoing state court eviction proceeding between herself and her landlord or the property management company working for her landlord. "The power to grant a writ of habeas corpus lies in 28 U.S.C. § 2241(c), which requires that the prisoner be in custody." *Carson v. Hood*, No. CIV. 99-886-KI, 1999 WL 978017, at *1 (D. Or. Oct. 26, 1999); *see also* 28 U.S.C. § 2241(c) (listing the categories of prisoner who may seek habeas relief under § 2241). Because Plaintiff is not and does not appear to have ever been a prisoner, the Court cannot grant habeas relief. The Court will therefore

DISMISS the petition with leave to amend. Plaintiff may not refile a habeas petition in this case but is permitted to file a civil complaint in which she alleges claims against Defendant, supported by sufficient factual allegations to sustain a claim for relief.

Plaintiff shall have thirty days from the date of this Order in which to file a complaint. Plaintiff is advised that failure to file a complaint within the allotted time will result in the entry of a judgment of dismissal without further notice. Because the Court is dismissing the Petition, the Court will also deny Plaintiff's Motion for Preliminary Injunction, ECF No. 3, with leave to refile once she had filed a complaint in this action.

Finally, the Court notes that Plaintiff has not supplied the Court with an address or other contact information. Plaintiff is to provide the Clerk of Court with a valid mailing address promptly. Failure to supply contact information within thirty days of the date of this Order will result in dismissal of this action.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 1, is GRANTED and the Petition for Writ of Habeas Corpus, ECF No. 2, is DISMISSED without service on Defendant. Plaintiff shall have thirty (30) days from the date of this Order in which to file a complaint in this case. As the Petition has been dismissed, Plaintiff's Motion for Preliminary Injunction, ECF No. 3, is DENIED with leave to refile once a complaint has been filed in this case. Plaintiff is ORDERED to provide a mailing address and other contact information to the Clerk of Court's office

within thirty (30) days of the date of this Order. Plaintiff is advised that failure to file a complaint or provide contact information to the Clerk of Court within the allotted time will result in the entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___27th___ day of February 2025.

       /s/Ann Aiken
       ANN AIKEN
       United States District Judge